UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

MAURIE LEMLEY,

Plaintiff,

v.

CAROLYN W. COLVIN, Commissioner of Social Security,

Defendant.

No. 2:13-CV-0299-JTR

ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION

**BEFORE THE COURT** is Plaintiff's Rule 59 Motion for Reconsideration. ECF No. 46. Plaintiff is represented by Dustin Deissner. Defendant is represented by Jeffrey E. Staples, Special Assistant United States Attorney. The parties have consented to proceed before a magistrate judge. ECF No. 7.

**BACKGROUND**

Plaintiff filed applications for Disability Insurance Benefits and Supplemental Security Income on June 2, 2010, alleging disability since April 1, 2010, due to hepatitis C with chronic muscle and joint pain; rheumatoid arthritis; gout; and depression. The applications were denied initially and upon reconsideration. An Administrative Law Judge (ALJ) held a hearing with respect to Plaintiff's claims on April 24, 2012, and issued an unfavorable decision on June

11, 2012. The Appeals Council denied review on June 13, 2013, and Plaintiff thereafter filed this action for judicial review. ECF No. 2, 5.

Plaintiff raised the following issues before this Court: (1) a missing medical report from Dr. Thomas R. Hull should have been provided; (2) the ALJ erred at step two by not finding fibromyalgia and myofascial pain were severe impairments; (3) the ALJ failed to properly consider the statements of lay witnesses; (4) the physical RFC determination was improper; (5) the determination with respect to Plaintiff's credibility was flawed; and (6) the ALJ improperly relied on the medical opinions of Drs. Belzer, Scottolini, Weir and Awbery. The issues were fully briefed by the parties, and oral argument was heard by the Court on April 14, 2014. ECF No. 42. On April 15, 2014, the Court entered an order finding the ALJ's decision in this matter was supported by substantial evidence and free of error. ECF No. 43. Accordingly, the Court granted Defendant's motion for summary judgment, denied Plaintiff's motions for summary judgment, and closed the case. ECF No. 43.

**DISCUSSION**

On April 29, 2014, Plaintiff moved the Court to reconsider the April 15, 2014 order pursuant to Fed. R. Civ. P. 59. ECF No. 46.

It is a basic principle of federal practice that "courts generally . . . refuse to reopen what has been decided . . . ." *Messinger v. Anderson*, 225 U.S. 436, 444 (1912). Reconsideration is appropriate if a court: (1) is presented with newly discovered evidence; (2) has committed clear error or the initial decision was manifestly unjust; or (3) is presented with an intervening change in controlling law. *School District 1J, Multnomah County v. A C and S, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993), cert. denied, 512 U.S. 1236, (1994). There may also be other highly unusual circumstances warranting reconsideration. *Id*. However, a motion for reconsideration "offers an 'extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources.'" *Carroll v. Nakatani*,

342 F.3d 934, 945 (9th Cir. 2003) (quoting 12 James Wm. Moore et al., Moore's Federal Practice § 59.30[4] (3d ed. 2000)). "Motions for reconsideration serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence." *Publisher's Resource, Inc. v. Walker Davis Publications, Inc.*, 762 F.2d 557, 561 (7th Cir. 1985) (quoting *Keene Corp. v. International Fidelity Ins. Co.*, 561 F.Supp. 656, 665-666 (N.D. Ill. 1982), aff'd, 736 F.2d 388 (7th Cir. 1984)); *see Novato Fire Protection Dist. v. United States*, 181 F.3d 1135, 1142, n.6 (9th Cir. 1999), cert. denied, 529 U.S. 1129 (2000). Absent exceptional circumstances, only three arguments provide an appropriate basis for a motion for reconsideration: arguments based on newly discovered evidence, arguments that the court has committed clear error, and arguments based on "an intervening change in the controlling law." *89 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999). Plaintiff fails to present newly discovered evidence and is not arguing there has been an intervening change in controlling law. It thus appears Plaintiff contends the Court committed manifest errors of law by not finding in his favor on the issues briefed and argued by the parties in this case. ECF No. 46.

While Plaintiff continues to argue that the medical report of Dr. Thomas R. Hull should have been provided, ECF No. 46 at 2-3, Plaintiff did not previously present rationale as to how Dr. Hull's report was material to the case and only now asserts Dr. Hull's report addressed Plaintiff's bursitis.[1] The ALJ determined in this case that Plaintiff was limited to a restricted range of light exertion level work, including the restriction of only occasional overhead reaching. Tr. 76-77. As

[1]As previously indicated by the Court, Defendant informed Plaintiff that Dr. Hull's report had been discovered, and Plaintiff was given the opportunity to consent to disclosure regarding information pertaining to Dr. Hull. ECF No. 43 at 5-6. Plaintiff has not, however, provided his consent to the disclosure of the Dr. Hull report.

indicated by the Court, the ALJ's physical RFC determination is consistent with or more restrictive than the limitations assessed by all medical professionals of record. ECF No. 43 at 10-11. A consultative examination report by Dr. Hull, which apparently mentions Plaintiff's issues with bursitis, would not undermine the great weight of the record evidence, including the opinions of Dr. Belzer, Dr. Scottolini, Dr. Weir and Dr. Awbery, which reflects that Plaintiff was limited to no greater than a restricted range of light exertion level work during the relevant time period. ECF No. 43 at 10-11. Consequently, any alleged error based on the ALJ's failure to consider a report by Dr. Hull is harmless. *See Johnson v. Shalala*, 60 F.3d 1428, 1436 n.9 (9th Cir. 1995) (an error is harmless when the correction of that error would not alter the result). An ALJ's decision will not be reversed for errors that are harmless. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005) (citing *Curry v. Sullivan*, 925 F.2d 1127, 1131 (9th Cir. 1991).

Plaintiff next argues the ALJ erroneously failed to consider Dr. Angell's diagnoses of fibromyalgia under alternative diagnostic criteria and myofascial pain syndrome as a differential diagnosis. ECF No. 46 at 4-5. Plaintiff's argument in this regard was previously addressed by the Court. ECF No. 43 at 6-8. As appropriately determined by the Court, the ALJ reasonably concluded Plaintiff's alleged fibromyalgia and myofascial pain disorder were not severe, medically determinable impairments. *Id*.

Plaintiff lastly argues the ALJ's credibility determination is flawed because the ALJ failed to consider Plaintiff's explanation regarding the medical records of Dr. Metcalf which report Plaintiff displayed drug-seeking behavior. ECF No. 46 at 5. As previously indicated by the Court, an ALJ may properly consider evidence of a claimant's drug use and drug-seeking behavior in assessing credibility, and evidence other than the reports of Dr. Metcalf showed doctors had referred to Plaintiff taking Vicodin chronically and had encouraged him to taper off this drug as it was not indicated. ECF No. 43 at 13. In any event, the ALJ provided reasons

other than Plaintiff's drug-seeking behavior, which are clear, convincing and fully supported by the record, for finding Plaintiff less than fully credible in this case. ECF No. 43 at 11-14.

Plaintiff has not presented newly-discovered evidence and is not contending there has been an intervening change in controlling law. Plaintiff has additionally failed to show a clear error of law exists with respect to the Court's April 15, 2014 order. Plaintiff has thus failed to provide a proper basis for the Court to reconsider the April 15, 2014 order under Rule 59.

The Court notes Fed. R. Civ. P. 60(b) provides another avenue for reconsideration upon a showing of (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) a void judgment; (5) a satisfied or discharged judgment; or (6) any other reason justifying relief. Fed. R. Civ. P. 60(b). However, Plaintiff has demonstrated no new or different facts or circumstances; fraud; void, satisfied or discharged judgment; or mistake, inadvertence, surprise, or excusable neglect to warrant reconsideration. Plaintiff has also not alleged that relief is appropriate under Rule 60(b)(6). Relief is therefore unavailable under Rule 60(b) as well.

**CONCLUSION**

Plaintiff has failed to provide a proper basis for the Court to reconsider the April 15, 2014 order under Rule 59 or Rule 60(b). Accordingly, Plaintiff's Motion for Reconsideration, **ECF No. 46**, is **DENIED**.

**IT IS SO ORDERED**. The District Court Executive is directed to file this Order and provide copies to counsel for Plaintiff and Defendant.

DATED May 27, 2014.




JOHN T. RODGERS
UNITED STATES MAGISTRATE JUDGE