UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| MAURIE LEMLEY,<br><br>    Plaintiff,<br><br>    v.<br><br>CAROLYN W. COLVIN,<br>Commissioner of Social Security,<br><br>    Defendant. | No. 2:13-CV-0299-JTR<br><br>ORDER GRANTING MOTION FOR LEAVE TO WITHDRAW AND ORDER DENYING PLAINTIFF'S **SECOND** MOTION FOR RECONSIDERATION |

**BEFORE THE COURT** is a motion for leave to withdraw by counsel of record for Plaintiff, ECF No. 51, and Plaintiff's **Second** Motion for Reconsideration of the Court's order granting summary judgment in favor of Defendant. ECF No. 50. Plaintiff has been represented in this case by Dustin Deissner. Defendant is represented by Jeffrey E. Staples, Special Assistant United States Attorney. The parties have consented to proceed before a magistrate judge. ECF No. 7.

**1.    Motion to Withdraw**

Counsel for Plaintiff, Mr. Deissner, seeks to withdraw as retained counsel for Plaintiff given the conclusion of the scope of his agreed upon representation, pursuing a motion for reconsideration. ECF No. 51.

Pursuant to this Court's Local Rule 83.2(d), a motion for leave to withdraw must demonstrate good cause for the withdrawal. LR 83.2(d)(4). The Court finds

ORDER . . . - 1

that good cause has been demonstrated in this case.  Mr. Deissner's motion to withdraw as counsel of record for Plaintiff is granted and Plaintiff shall proceed in this matter *pro se*.

**2.    Second Motion for Reconsideration**

On April 29, 2014, Plaintiff, through counsel, moved the Court to reconsider the Court's April 15, 2014 order finding the ALJ's decision in this matter was supported by substantial evidence and free of error.  ECF No. 46.  On May 27, 2014, the Court denied Plaintiff's motion for reconsideration finding Plaintiff failed to provide a proper basis for the Court to reconsider the order under Rule 59 or Rule 60(b).  ECF No. 48.  On June 9, 2014, Plaintiff filed the instant motion for reconsideration *pro se*, requesting that the Court again reconsider the Court's April 15, 2014 order.  ECF No. 50.

Under Rule 59(e), a motion for reconsideration may be granted only on one of four grounds, "1) the motion is necessary to correct manifest errors of law or fact upon which the judgment is based; 2) the moving party presents newly discovered or previously unavailable evidence; 3) the motion is necessary to prevent manifest injustice or 4) there is an intervening change in controlling law." *Turner v. Burlington N. Santa Fe R.R. Co.*, 338 F.3d 1058, 1063 (9th Cir. 2003) (internal quotations and emphasis omitted).  Motions for reconsideration are disfavored and are not the place for parties to make new arguments not previously raised, *Northwest Acceptance Corp. v. Lynnwood Equip., Inc.*, 841 F.2d 918, 925–926 (9th Cir. 1988), and reconsideration is not to be used to ask the Court to "rethink what the court has already thought through—rightly or wrongly," *United States v. Rezzonico*, 32 F.Supp.2d 1112, 1116 (D.Ariz. 1998) (quoting *Above the Belt, Inc. v. Mel Bohannon Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D.Va. 1983)).

The Court has reviewed Plaintiff's motion and finds he has not stated new facts, a change in intervening law, a clear error or manifestly unjust ruling, or any other unusual circumstance justifying reconsideration.  Therefore, Plaintiff has

ORDER . . . - 2

again failed to provide a proper basis for a reconsideration of the April 15, 2014 order. Plaintiff's Second Motion for Reconsideration shall be denied.

No further motions relating to Plaintiff's disagreement with the Court's April 15, 2014 order or relating to Plaintiff's disagreement with the Court's denials of his motions for reconsideration will be considered. Plaintiff may be subject to Rule 11 sanctions should he file any further frivolous motions in this case. *See Orange Prod. Credit Ass'n v. Frontline Ventures Ltd.,* 792 F.2d 797, 800 (9th Cir. 1986) (finding that sanctions are appropriate when a pleading which has been filed is frivolous, legally unreasonable, or without factual foundation).

Based on the foregoing, **IT IS HEREBY ORDERED as follows**:

1. Mr. Deissner's Motion for Leave to Withdraw, **ECF No. 51**, is **GRANTED**. Plaintiff shall proceed in this matter *pro se*.

2. Plaintiff's Second Motion for Reconsideration, **ECF No. 50**, is **DENIED**.

The District Court Executive is directed to file this Order and provide copies to Plaintiff and counsel for Defendant.

DATED June 10, 2014.



_____
JOHN T. RODGERS
UNITED STATES MAGISTRATE JUDGE

ORDER . . . - 3